OPINION
{¶ 1} Appellant, Marcus D. Barnes, appeals the June 20, 2002 judgment entry of the Portage County Court of Common Pleas in which his motion to dismiss the charge of felonious assault was overruled and in which he was re-sentenced on the involuntary manslaughter and felonious assault charges.
 {¶ 2} On November 21, 1997, while attending a party in Kent, Ohio, appellant became involved in an argument with other partygoers. The argument escalated into a physical altercation involving appellant, Christopher Wawrin ("Wawrin"), and Christopher DeAngelis ("DeAngelis"). Appellant stabbed both men during the fight and Wawrin died from his wound several days later.
 {¶ 3} On November 21, 1997, Rebecca Vanaman ("Vanaman"), appellant's girlfriend, picked appellant up and went to a birthday party at the home of one of appellant's co-workers. While at the party, appellant and Wawrin began to argue. Appellant went into the home to find Vanaman so they could leave. However, due to the confusion in the home, appellant and Vanaman became separated.
 {¶ 4} Appellant proceeded to the car and retrieved a pocketknife from inside the car. While at the car, Wawrin left the front porch and ran toward appellant with DeAngelis behind him. DeAngelis saw something concealed in appellant's right hand and thought it was a gun, so he tried to tackle appellant in an effort to protect himself and Wawrin. Before he could reach appellant, he was struck on the head. As DeAngelis continued to attempt to tackle appellant, he was struck several more times. DeAngelis did not see Wawrin or appellant strike each other during the confrontation, and he did not notice appellant make any threatening move toward him or Wawrin.
 {¶ 5} According to appellant's testimony, he was standing near the rear of the car when he was unexpectedly struck and knocked to the ground by one of the victims. This story was partially corroborated at trial by a witness living across the street who said she saw a person knocked to the ground and subsequently attacked by a group of people. It was at this point, appellant testified, that he opened the knife to defend himself. He waived his knife back and forth while sitting on the ground in an effort to ward off the attacks of DeAngelis and Wawrin. After the encounter, appellant decided to turn himself in to the Kent Police.
 {¶ 6} Both DeAngelis and Wawrin were transported to Robinson Memorial Hospital. DeAngelis sustained five stab wounds, and Wawrin received a single wound to the left armpit. Surgery was attempted in order to restore blood flow to Wawrin's left arm, but he suffered from organ failure and died from his injury on December 1, 1997.
 {¶ 7} The Portage County Grand Jury indicted appellant on November 26, 1997, on two counts of felonious assault, but when Wawrin died, appellant was re-indicted for murder on December 12, 1997. On January 16, 1998, the grand jury filed an amended indictment charging appellant with the attempted murder of DeAngelis. Appellant asserted self-defense as to both charges and sought to introduce evidence of prior acts of violence committed by Wawrin. The trial court granted the state's motion in limine to exclude evidence of Wawrin's prior acts.
 {¶ 8} At the close of evidence, the trial court instructed the jury on the elements of murder and attempted murder as charged in counts one and two of the indictment. Without an objection from appellant, the court also instructed the jury on involuntary manslaughter as a lesser included offense of murder and felonious assault with a deadly weapon as a lesser included offense of attempted murder. As to the count charging appellant with the attempted murder of DeAngelis, the court specifically instructed that the jury could find appellant guilty of felonious assault if it found that the state had failed to prove the essential elements of attempted murder.
 {¶ 9} The jury found appellant guilty of involuntary manslaughter for killing Wawrin and of felonious assault for stabbing DeAngelis. The trial court sentenced appellant to consecutive prison terms of nine years for involuntary manslaughter and six years for felonious assault. Appellant appealed to our court, and we reversed both convictions. We found that the trial court erred by (1) excluding evidence of Wawrin's specific instances of violent conduct, (2) instructing the jury that felonious assault with a deadly weapon was a lesser included offense of attempted murder, and (3) sentencing appellant to consecutive prison terms without making the factual findings required by R.C. 2929.14(E)(4).State v. Barnes (July 21, 2000), 11th Dist. No. 98-P-0052, 2000 Ohio App. LEXIS 3294. Our decision was certified to the Supreme Court of Ohio. In State v. Barnes, 94 Ohio St.3d 21, 2002-Ohio-68, the Supreme Court of Ohio reversed our decision and held that a defendant asserting self defense cannot introduce specific acts of the victim to demonstrate that the victim was the initial aggressor and that felonious assault with a deadly weapon was not a lesser included offense of attempted murder. Yet, the Supreme Court did not reverse appellant's conviction for felonious assault with a deadly weapon because it held that the trial court did not commit plain error. On remand, in a sentencing entry dated June 20, 2002, the trial court sentenced appellant to concurrent prison terms of nine years for involuntary manslaughter and six years for felonious assault. Appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 10} "[1.] [Appellant] was denied due process of law when the court would not dismiss the conviction for felonious assault where [appellant] was convicted of an offense which was not a lesser included offense and for which he had no notice.
 {¶ 11} "[2.] [Appellant] was denied due process of law when he was sentenced to more than the minimum sentence[.]"
 {¶ 12} In his first assignment of error, appellant claims that he was denied due process of law when the trial court did not dismiss his conviction for felonious assault.
 {¶ 13} However, we note that appellant is seeking to revisit an issue that was beyond the scope of the remand to the trial court. Hence, our consideration of this issue will be controlled by the "law of the case" doctrine. The basic parameters of this doctrine were outlined by the Supreme Court of Ohio in Nolan v. Nolan (1984), 11 Ohio St.3d 1,3-4, which states that:
 {¶ 14} "Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * *
 {¶ 15} "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. * * * However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. * * *
 {¶ 16} "In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * Moreover, the trial court is without authority to extend or vary the mandate given. * * *" (Citations omitted.)
 {¶ 17} Therefore, under the "law of the case" doctrine, a court of common pleas does not have the authority to review the prior mandate of an appellate court because such authority would be inconsistent with the basic structure of the Ohio judicial system, as set forth in the Ohio Constitution. State ex rel. Potain v. Mathews (1979), 59 Ohio St.2d 29,32.
 {¶ 18} Here, appellant litigated his conviction for felonious assault on appeal, and the Supreme Court held that "[b]y failing to conduct the proper plain-error analysis required by Crim.R. 52(B), the court of appeals erred as a matter of law in reversing [appellant's] conviction for felonious assault." Barnes, 94 Ohio St.3d at 28. Therefore, the Supreme Court established that appellant's felonious assault conviction would not be reversed. Thus, we are bound pursuant to the law of the case. Furthermore, on remand, the trial court was to re-sentence appellant pursuant to the statutory guidelines. See Barnes,
supra, 2000 Ohio App. LEXIS 3294. Appellant's first assignment of error lacks merit.
 {¶ 19} In his second assignment of error, appellant argues that the trial court erred when it sentenced him to serve more than the minimum sentence. Specifically, the trial court sentenced appellant to nine years for involuntary manslaughter with an additional six years for felonious assault to be served on a concurrent basis.
 {¶ 20} Our review of a felony sentence is de novo. R.C. 2953.08. A reviewing court will not disturb an appellant's sentence unless it finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v.Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at 4.
 {¶ 21} R.C 2929.14(B) requires a sentencing court to impose the minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term would demean the seriousness of the conduct or would not adequately protect the public from future crime by the offender. Unless the sentencing court imposes the shortest prison term, the record of the sentencing hearing must reflect that the court found that either one or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. "R.C.2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus;State v. Lane (Dec. 22, 2000), 11th Dist. No. 99-A-0067, 2000 WL 1876600, at 7.
 {¶ 22} Further, "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." Edmonson, 86 Ohio St.3d at 326. In other words, a trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id.; State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 2 (holding that pursuant to R.C. 2929.14(B), a trial court is "required to make the statutorily sanctioned findings on the record at the sentencing hearing" when imposing a nonminimum sentence). A sentence that merely repeats the language contained in R.C. 2929.14(B), without any consideration of the factors set forth in R.C. 2929.12(B), would be insufficient. State v.Hunt (July 7, 2000), 11th Dist. No. 99-A-0033, 2000 WL 915104, at 2.
 {¶ 23} In the case at bar, the June 20, 2002 sentencing entry states that "[t]he [c]ourt finds [appellant] has never served a prison term, however, for reasons stated on the record, to impose the minimum sentence would demean the seriousness of the conduct in each offense." Furthermore, at the sentencing hearing, the trial judge stated that:
 {¶ 24} "Now, the Court feels that based upon that scenario, for the reasons that [appellant] taunted these people, and he injected a weapon into basically what was a fist fight, fled from the area, disposed of evidence or attempted to doctor up the evidence, that that are reasons enough that the minimum sentence cannot be imposed in this case, and that such a minimum sentence would demean the seriousness of that conduct."
 {¶ 25} After reviewing the record, the trial court properly followed R.C. 2929.14(B) and the holdings of this court in sentencing appellant to a term longer than the minimum. It is our view that the trial court made the requisite finding that the minimum sentence would demean the seriousness of the offense. Appellant's second assignment of error is without merit.
 {¶ 26} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
Judgment affirmed.
Cynthia Westcott Rice, J., concurs.
William M. O'Neill, J., concurs in judgment only.