OPINION
{¶ 1} Appellant, Charles E. Bradford, Sr., appeals from a judgment of the Lake County Court of Common Pleas, sentencing him to three consecutive three-year terms of imprisonment. For the reasons that follow, we affirm.
 {¶ 2} As will be discussed, the following matter has a lengthy appellate history. On February 11, 2000, the Lake County Grand Jury indicted appellant on three counts of aggravated robbery, in violation of R.C. 2911.01(A)(1). After negotiating with the state, appellant agreed to plead guilty to a single count of aggravated robbery and to two amended counts of robbery, in violation of R.C. 2911.02. The trial court accepted appellant's plea and then sentenced him to serve a prison term of three years on each count with the terms to run consecutively.
 {¶ 3} Appellant subsequently filed an appeal with this court in which he presented various arguments regarding his sentence. After considering appellant's arguments, we concluded that the court failed to give its reasons for imposing consecutive sentences.[1] Accordingly, we affirmed appellant's sentence in part, reversed it in part, and remanded the matter so the trial court could provide its reasons, on the record, for selecting consecutive sentences. State v. Bradford (June 2, 2001), 11th Dist. 2000-L-103, 2001 WL 589271.
 {¶ 4} On remand, the trial court issued an August 30, 2001 judgment entry in which the court stated reasons for the imposed consecutive sentences, to wit:
 {¶ 5} "1. [Appellant] committed an offense which carried with it a presumption of a prison sentence;
 {¶ 6} "2. [Appellant] acted with another in an organized crime activity;
 {¶ 7} "3. [Appellant] was a prior police officer and fireman and had a greater ability than the average person to discern right from wrong;
 {¶ 8} "4. [Appellant] had a prior conviction of Attempted Drug Abuse in 1995;
 {¶ 9} "5. [Appellant] has an alcohol and drug abuse problem and is clearly an addict. He had four opportunities for treatment and continues to do nothing to alleviate his problem thus he is not amenable to treatment;
 {¶ 10} "6. [Appellant] committed three robberies at different times and the reason for [appellant] going to the City of Mentor to commit the robberies was `they don't resist';
 {¶ 11} "7. Considering [appellant's] conduct, actions in the commission of these offenses, and his attitude toward commission of multiple offenses, the Court finds [appellant's] actions were egregious that they were beyond that of the usual circumstances. For these reasons the Court concludes that the Defendant should suffer consecutive sentences."
 {¶ 12} Appellant again filed a timely appeal and claimed that the trial court's decision to impose consecutive sentences was not supported by the record. As part of our analysis, we noted the record established that, from December 18, 1999 to January 19, 2000, appellant and an accomplice robbed three different service stations in Mentor, Ohio. While committing these crimes, appellant was armed with a Crossman .177 caliber pellet/BB gun. Appellant admitted that during one of the robberies he lifted his shirt to show the clerk the pellet/BB gun in an attempt to facilitate the robbery. However, the state did not include a firearm specification as part of appellant's indictment. State v. Bradford, 11th Dist. No. 2001-L-175, 2003-Ohio-3495, at ¶ 32 ("Bradford II").
 {¶ 13} Our examination of the record further confirmed that appellant had a serious drug addiction that he claimed served as the motive for his criminal conduct. Appellant had a prior conviction for attempted drug abuse and has received treatment for drug abuse on at least four different occasions. The treatments were unsuccessful, and appellant's psychological assessment found his potential for success in drug rehabilitation was questionable. Bradford II at ¶ 33.
 {¶ 14} Based upon the record before us, we determined that "because there is no evidence that appellant and his accomplice planned the robberies or otherwise acted any way other than spontaneously or impulsively, the record does not support a finding of `organized criminal activity.'" Bradford II at ¶ 28.
 {¶ 15} Moreover, we determined there was nothing in the record which demonstrated that appellant was either a police officer or a fireman at the time he committed the offenses. Accordingly, we concluded that "[w]hile consecutive sentences may be appropriate if a person abused his position of power or trust during the commission of a crime when a person is no longer in that position those concerns are not present." BradfordII at ¶ 30.
 {¶ 16} We further determined that the trial court failed to provide any indication as to how appellant's performance of the crimes in a particular community warranted consecutive sentences. This court stated, "we can think of no logical reason to punish an offender more severely simply because he chose to rob service stations in a specific jurisdiction." Bradford II at ¶ 31.
 {¶ 17} Ultimately, we held, "[g]iven our conclusion that several of the findings provided by the trial court are unsupported by the record, we reverse the judgment of the trial court and remand the matter so that the court can determine whether the remaining factors, by themselves, justify consecutive sentences." Bradford II at ¶ 34.
 {¶ 18} After a sentencing hearing, the trial court again imposed three consecutive three-year prison terms and issued a September 15, 2003 judgment entry which stated its reasons for the consecutive sentences.
 {¶ 19} From this judgment, appellant filed a timely notice of appeal and now sets forth the following assignment of error for our consideration:
 {¶ 20} "The trial court erred by resentencing appellant to serve consecutive, rather than concurrent, sentences."
 {¶ 21} The court's September 15, 2003 judgment entry presented the following factors as a justification for appellant's consecutive sentences:
 {¶ 22} "1. [Appellant] has one prior conviction for Attempted Drug Abuse.
 {¶ 23} "2. [Appellant] committed three (3) separate criminal offenses, within a short period of time, of Aggravated Robbery and Robbery.
 {¶ 24} "3. The conduct of [appellant] was egregious, beyond the usual robbery case. [Appellant] has a serious drug problem and knew if he came to Lake County he could commit the crime of robbery without fear of being harmed, victims were less protected and he could feed his drug habit.
 {¶ 25} "4. [Appellant] blames criminal behavior on drug habit, [appellant] has not responded to four (4) previous attempts at drug treatment and future crime by [appellant] is evident.
 {¶ 26} "5. [Appellant] committed all three (3) Robbery offenses with a firearm and with another person. Facts demonstrate that [appellant's] association with this other person was not a casual relationship, but a conspiracy with purpose to commit robbery offenses."
 {¶ 27} Appellant argues that the trial court improperly relied upon sentencing factors that this court, in Bradford II, determined were not supported by the record. Appellant states that our ruling limited the trial court's consideration of sentencing factors to those remaining factors not precluded by Bradford II.
 {¶ 28} Based upon Bradford II, appellant maintains that the court improperly relied upon its previous finding that appellant participated in an organized crime. In support of this argument, appellant states that the court simply reworded its entry by replacing the words "organized crime activity" with language that he was engaged in "a conspiracy to commit robbery offenses."
 {¶ 29} Likewise, appellant argues that the court again improperly relied upon the locale in which the crime was committed. Appellant states that the trial court's most recent entry merely replaced the "City of Mentor" with "Lake County."
 {¶ 30} Our examination of the record before us demonstrates that the trial court has violated the "law of the case" doctrine; however, this violation resulted in harmless error. Under the "law of the case" doctrine, absent extraordinary circumstances, any legal determination made by a superior court in a given case must be followed by an inferior court in any subsequent proceeding held in that particular case. State exrel. Lee v. Trumbull Cty. Probate Court (Sept. 17, 1999), 11th Dist. No. 97-T-0150, 1999 Ohio App. LEXIS 4326, at 10. In short, under the "law of the case" doctrine, a trial court does not have the authority to review the prior decision of an appellate court, because such authority would be contradictory with the basic structure of the Ohio judicial system as set forth in the Ohio Constitution. State v. Barnes, 11th Dist. No. 2002-P-0079, 2003-Ohio-6674, at ¶ 17. See, also, State ex rel. Potainv. Mathews (1979), 59 Ohio St.2d 29, 32.
 {¶ 31} Bradford II determined that the jurisdiction in which the crime was committed, in this case, was not relevant to an imposition of consecutive sentences and the record did not support a finding that appellant had participated in criminal activity. Accordingly, we expressly remanded this matter for the court to "determine whether the remainingfactors, by themselves, justify consecutive sentences." (Emphasis added.)Bradford II at ¶ 34.
 {¶ 32} Despite our ruling, on remand, the trial court relied upon the jurisdiction in which the crime was committed and considered the additional factor of appellant's "conspiracy" to participate in criminal activity. Generally, a trial court's failure to adhere to the mandates of a superior court requires reversal. But, in the case at bar, the court's insistent, improper, and unnecessary violation of the "law of the case" doctrine results in harmless error, as the remaining applicable factors justify consecutive sentences. The court's September 15, 2003 judgment entry provided reasoning in accord with Bradford II, which supports its sentence.
 {¶ 33} In accordance with R.C. 2953.08, our review of a felony sentence is de novo. State v. Thompson, 11th Dist. No. 2001-L-222, 2002-Ohio-7151, at ¶ 7. A reviewing court will not reverse a sentence unless the appellant establishes that the trial court failed to comply with the applicable statutory requirements or that it abused its discretion by failing to consider sentencing factors. State v. Rupert,
11th Dist. No. 2001-L-169, 2002-Ohio-7268, at ¶ 5. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 34} When imposing consecutive sentences, the trial court must first determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C.2929.14(E)(4). Next, the trial court must find that one of the following factors listed in R.C. 2929.14(E)(4) is also present: (a) that the offender was awaiting trial or sentencing or was under community control sanctions; (b) that the harm caused by the offenses was so great that a single prison term would not adequately reflect the severity of the conduct; or (c) that the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. State v. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 WL 635951, at 4.
 {¶ 35} The court must also follow the requirements set forth in R.C.2929.19(B) when sentencing an offender to consecutive sentences under R.C. 2929.14. Specifically, R.C. 2929.19(B)(2)(c) requires that the trial court justify its imposition of consecutive sentences by making findings that give the court's reasons for selecting that particular sentence.
 {¶ 36} Here, the court expressly found that consecutive sentences were necessary to protect the public from future crime or to punish appellant, and consecutive sentences were not disproportionate to the seriousness of appellant's conduct and the danger appellant poses to the public. The court further determined that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses reflects the seriousness of appellant's conduct.
 {¶ 37} The record supports the court's findings that appellant was previously convicted of attempted drug abuse. As we previously discussed in Bradford II, the record affirmatively demonstrates that appellant and an accomplice committed three separate robberies in approximately one month. During these robberies, appellant was armed with a pellet/BB gun, which he brandished to facilitate one of the robberies.
 {¶ 38} The fact that appellant engaged in three separate robberies within a minimal span of time demonstrates his disregard for the public's safety. Appellant's use of a pellet/BB gun further corroborates the seriousness of his conduct, as he used this instrument to obtain the gas station clerk's submission and compliance.
 {¶ 39} Moreover, appellant's motivation for these robberies was to gather money to obtain drugs. Prior treatment for appellant's addiction to drugs failed, and there is no evidence that he has been rehabilitated. Accordingly, appellant's addiction, and the criminal activity that such addiction fostered, poses a substantial threat to the public, further establishes the seriousness of appellant's conduct, and establishes the necessity to protect the public from future harm.
 {¶ 40} Based upon the foregoing analysis, we are unable to conclude that the trial court abused its discretion by issuing consecutive sentences. The applicable factors considered by the court, standing alone, provide an adequate justification for appellant's sentence. Thus, appellant's first assignment of error is without merit.
 {¶ 41} In conclusion, the court's violation of the "law of the case" doctrine resulted in harmless error, as the court did not abuse its discretion by issuing consecutive sentences in the instant matter. Appellant's sole assignment of error is without merit. We hereby affirm the trial court's sentence.
Ford, P.J., Grendell, J., concur.
[1] We further concluded that the trial court did not err in sentencing appellant to more than the minimum sentence and did not err in finding that community control sanctions were inappropriate.