OPINION
{¶ 1} Appellant, Charles E. Bradford, Sr., appeals from the June 7, 2006 judgment entry of the Lake County Court of Common Pleas, in which he was resentenced for aggravated robbery and robbery.
 {¶ 2} On February 11, 2000, the Lake County Grand Jury indicted appellant on three counts of aggravated robbery, felonies of the first degree, in violation of R.C. *Page 2 2911.01(A)(1).[1] After negotiating with appellee, the state of Ohio, appellant agreed to plead guilty to a single count of aggravated robbery, a felony of the first degree, and to two amended counts of robbery, felonies of the second degree, in violation of R.C. 2911.02. The trial court accepted appellant's plea and then sentenced him to serve a prison term of three years on each count with the terms to run consecutively.
 {¶ 3} Appellant subsequently filed his first appeal with this court in which he presented various arguments regarding his sentence. We concluded that the trial court failed to give its reasons for imposing consecutive sentences. Accordingly, we affirmed appellant's sentence in part, reversed it in part, and remanded the matter so the trial court could provide its reasons, on the record, for selecting consecutive sentences. State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487.
 {¶ 4} Pursuant to this court's remand, the trial court issued an August 30, 2001 judgment entry stating its reasons for the imposed consecutive sentences. Appellant filed a second appeal, claiming that the trial court's decision to impose consecutive sentences was not supported by the record. On June 30, 2003, this court held that several of the findings provided by the trial court were unsupported by the record, therefore, we reversed the judgment of the trial court and remanded the matter so that the court could determine whether the remaining factors, by themselves, justified consecutive sentences.State v. Bradford, 11th Dist. No. 2001-L-175, 2003-Ohio-3495.
 {¶ 5} After a sentencing hearing, the trial court again imposed three consecutive three-year prison terms and issued a September 15, 2003 judgment entry which stated *Page 3 
its reasons for the consecutive sentences. From that judgment, appellant filed a third appeal, asserting that the trial court erred by resentencing him to serve consecutive, rather than concurrent, sentences. On April 29, 2005, this court affirmed the judgment of the trial court, holding that the applicable factors considered by the court, standing alone, provided an adequate justification for appellant's sentence. State v. Bradford, 11th Dist. No. 2003-L-168,2005-Ohio-2070.
 {¶ 6} The Supreme Court of Ohio reversed our judgment and remanded the case to the trial court for resentencing pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 7} Pursuant to the Supreme Court's remand, on May 31, 2006, a resentencing hearing was held. In its June 7, 2006 judgment entry, the trial court sentenced appellant to a prison term of three years on count one, three years on count two, and three years on count three, to be served consecutively. It is from that judgment that appellant filed a fourth appeal, raising one assignment of error for our review:
 {¶ 8} "The trial court erred by sentencing appellant to consecutive terms of incarceration, where the record reveals that such terms are unreasonable."
 {¶ 9} In his sole assignment of error, appellant argues that the trial court erred and abused its discretion in sentencing him to consecutive prison terms, because the record reveals that such terms are unreasonable. He stresses that he has been incarcerated for over six years, has shown genuine remorse for his crimes, and is a "different," better person than he was when he was sentenced in 2000. *Page 4 
 {¶ 10} We note that the sentencing guidelines at issue have recently been addressed by this court in State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011.[2] In Elswick, at ¶ 49, quoting State v.Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 56, we stated:
 {¶ 11} "'* * * appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. Cincinnati v. Clardy (1978),57 Ohio App.2d 153 * * * (* * *). An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. Woosley v. United States (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. Woosley, supra, at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's (sic) can reverse the sentence. Woosley, supra, at 147. * * *'" (Parallel citations omitted.)
 {¶ 12} In Foster, at paragraph three of the syllabus, the Supreme Court held that R.C. 2929.14(E)(4) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296. Further, pursuant toUnited States v. Booker (2005), 543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C. *Page 5 2929.14(E)(4). After severance, judicial factfinding is not required before imposing consecutive sentences. Foster at paragraph four of the syllabus. A trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 13} In Elswick, at ¶ 51-53, this court also stated:
 {¶ 14} "[w]ith respect to the intent of the legislature in enacting S.B. 2 in 1996, the Supreme Court stated: `[w]ith the enactment of S.B. 2, the General Assembly adopted a comprehensive sentencing structure that recognized the importance of "truth in sentencing." The general purpose of S.B. 2 was to introduce certainty and proportionality to felony sentencing.' Foster at ¶ 34. The Supreme Court described the `overwhelming majority' of S.B. 2 reforms that survive its holding, and noted that trial courts must still `consider those portions of the sentencing code that are unaffected by (its) decision (* * *).' Id. at ¶ 101, 105. For example, trial courts must still consider R.C. 2929.11
and R.C. 2929.12 before imposing a sentence within the authorized statutory range. Id. at ¶ 105. See, also, State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38
* * *.
 {¶ 15} "'Excising the unconstitutional provisions does not detract from the overriding objectives of the General Assembly, including the goals of protecting the public and punishing the offender. See R.C.2929.11(A). The excised portions remove only the presumptive and judicial findings that relate to "upward departures," that is the findings necessary to increase the potential prison penalty. We add no language and the vast majority of S.B. 2, which is capable of being read and of standing alone, is left in place.'" Foster at ¶ 98. *Page 6 
 {¶ 16} "R.C. 2929.11 and R.C. 2929.12, two key statutory provisions of Ohio's sentencing scheme, survive after Foster. Even though trial courts are no longer required to make specific findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences on the record, R.C. 2929.11 and R.C. 2929.12 must still be considered when sentencing offenders. Thus, although Foster and Mathis alter R.C.2953.08, meaningful appellate review can still be achieved. Trial courts generally discuss the seriousness of the offense and the likelihood of recidivism at the sentencing hearing. The fact that defendants may not have as many options on appeal as they did before Foster, does not suggest that the Supreme Court wholly ignored the legislative intent of S.B. 2." (Parallel citations omitted.)
 {¶ 17} We note that the range of sentences available for first and second degree felonies remains unchanged post-Foster. R.C. 2929.14(A) provided fair warning to appellant that he could receive anywhere from three to ten years for his first degree felony offense and two to eight years for his second degree felony offenses. Appellant understood and signed his plea agreement, which he entered into on April 20, 2000. His plea agreement indicated the possibility of consecutive sentences and specified the code provisions as well as the range of possible prison terms. Again, these provisions have not changed or been enlarged in any manner after Foster.
 {¶ 18} In the case at bar, the trial court resentenced appellant pursuant to Foster. Thus, the trial court was empowered to sentence appellant to the same sentence or an even greater sentence, and was not required to make any findings regarding consecutive sentences. However, the trial court was required to and did consider R.C. 2929.11 and R.C.2929.12. The trial court stated in its June 7, 2006 sentencing order *Page 7 
that it considered the record, oral statements, any victim impact statement, presentence report and/or drug and alcohol evaluation, as well as the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. We conclude that the trial court adequately complied with the statutory requirements, and do not agree with appellant that a nine year prison sentence for three separate robbery offenses is unreasonable. Based on the record, the trial court did not abuse its discretion by sentencing appellant to consecutive prison terms.
 {¶ 19} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
MARY JANE TRAPP, J., GENE DONOFRIO, J., Seventh Appellate District, sitting by assignment, concur.
[1] Appellant committed three separate robbery offenses on December 18, 1999, January 16, 2000, and January 19, 2000.
[2] In Elswick, the appeal dealt with more than the minimum sentences. However, the same analysis applies to maximum and consecutive sentences. *Page 1