OPINION
{¶ 1} On April 12, 2006, appellant, Robert A. Zimcosky, was stopped when a Mentor-on-the-Lake police officer observed him commit a minor traffic violation. Appellant was subsequently arrested for operating a motor vehicle under the influence of alcohol ("OMVI"), in violation of R.C. 4511.19(A)(1)(a). On May 11, 2006, appellant was charged, by way of information, with one count of OMVI; the information also *Page 2 
alleged that appellant had been previously convicted of a violation of R.C. 4511.19(A) in 2005 thereby elevating the degree of the charge to a third degree felony.
 {¶ 2} On June 20, 2006, appellant pleaded guilty to the information and, on July 24, 2006, the trial court sentenced him to five years in prison, with 120 days being served as a mandatory term. Appellant filed this timely appeal and now alleges one assignment of error:
 {¶ 3} "The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment."
 {¶ 4} Under appellant's sole assignment of error, he argues the trial court erred to the extent it failed to give adequate weight to his statement delivered during his allocution exercise. In particular, appellant asserts the trial court did not properly consider (1) his remorse expressed during the sentencing hearing and (2) his acknowledgement of the seriousness of his alcohol problem and his sincere desire to accept treatment for the same. See R.C.2929.12(E)(5).
 {¶ 5} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held R.C. 2929.14(B), 2929.14(C), 2929.14(E)(4), and R.C.2929.19(B)(2) unconstitutional and excised the provisions from Ohio's felony sentencing scheme. As a result, post-Foster, a trial court is no longer required to make findings before imposing a felony sentence. Rather, a trial court may, in its discretion, impose any sentence (or sentences) so long as it is within the available punitive range defined under R.C. 2929.14(A). See, e.g., State v. Lloyd, 11th Dist. No. 2006-L-185, 2007-Ohio-3013, at ¶ 23 (stating, post-Foster, "[t]he standard of review set forth at R.C. 2953.08(G)(2) no longer applies to sentences within the statutory range.") *Page 3 
 {¶ 6} The "recidivism" and "seriousness" factors set forth under R.C.2929.12 survived Foster. A sentencing court is therefore still required to consider these guiding factors in the exercise of its discretion; however, the trial court is not mandated to engage in any specific recitation of its considerations. Id. at ¶ 42; see, also, State v.Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-302.
 {¶ 7} Here, appellant was indicted and pleaded guilty to felony-three OMVI. The available penalty range for a third degree felony pursuant to R.C. 2929.14(A) is between one and five years imprisonment. Appellant was sentenced to five years imprisonment, a term within the authorized statutory range. During the sentencing hearing and in the judgment entry on sentence, the trial court indicated it considered the factors set forth under R.C. 2929.12. However, appellant maintains the trial court's sentence demonstrates it either under-considered or failed to consider R.C. 2929.12(E)(5). Specifically, appellant contends the trial court gave insufficient weight to the genuine remorse he expressed during the proceedings. We disagree.
 {¶ 8} At the sentencing hearing, appellant stated:
 {¶ 9} "Over the past three-and-a-half months I have been afforded the time to study important facts about my life. First and foremost being when I take alcohol in any form I tend to make irrational, even insane decisions, some small, some large, although the result usually becomes tragic. This includes the shame, guilt and potential for loss I have placed upon myself, my family and loved ones here today. For this I can only pray of them, as well as Your Honor, leniency and eventual forgiveness.
 {¶ 10} "I've also been afforded time to investigate others in jail and in media who have under the influence of alcohol placed themselves in the same or similar situations *Page 4 
as myself. Doing so I have painted for myself, I painted a very clear picture of destruction I'm capable of if I don't turn my life around 180 degrees. I can only praise by the grace of God there have been no accidents or physical injuries as a result of my offenses.
 {¶ 11} "I believe if you interview those who know me, they would tell you of a man of character, sense of right and wrong, spirit of family, charity, society and business. Those close to me would include the stipulation, `expect [sic] when he is drinking.'
 {¶ 12} "I understand society's desire to keep impaired drivers off the road. In retrospect how could I possibly disagree? It is my present intention to put forth 110 percent effort to eliminate alcohol from my life and put to rest my alcoholism permanently.
 {¶ 13} "In imposing sentence today I plea, Your Honor, any assistance you can offer me in my effort to turn my life around, that I may re-enter the community the contributing citizen I am capable of being and put to rest absolutely any further risk to society."
 {¶ 14} Although appellant may believe his statement in mitigation deserved greater consideration, the trial judge is vested with the discretion to determine how much weight it shall receive. After receiving appellant's statement, the trial court pronounced its sentence. In so doing, the court remarked that it considered the relevant R.C. 2929.12 factors and, although not required, explicitly discussed many of the R.C. 2929.12(D) "recidivism likely" factors on record. The trial court's observations reflect its belief that the magnitude of appellant's offense, when viewed in the context of the *Page 5 
record as a whole, outweighed his statement of remorse and contrition. Under the circumstances, the court was well within its discretion to draw this conclusion.
 {¶ 15} As the trial judge properly considered the R.C. 2929.12
factors, we hold the court's ultimate sentence was neither arbitrary nor unreasonable. Thus, the trial court did not abuse its discretion in sentencing appellant to five years in prison. Appellant's sole assignment of error lacks merit.
 {¶ 16} For the reasons set forth above, the judgment entry of the Lake County Court of Common Pleas is hereby affirmed.
 DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur. *Page 1