OPINION
{¶ 1} Appellant, Charles Moore, appeals from the February 23, 2007 judgment entry of the Lake County Court of Common Pleas, which sentenced him following his entry of a guilty plea. For the reasons that follow, we affirm.
 {¶ 2} On August 25, 2006, the Lake County Grand Jury handed down a six count indictment against appellant that stemmed from two aggravated robberies and a kidnapping that took place on June 26, 2006, in Eastlake and Painesville Township, *Page 2 
Ohio. Appellant subsequently pled guilty to two counts of aggravated robbery with a firearm specification, in violation of R.C. 2911.01(A) and R.C. 2941.145 and to one count of kidnapping, in violation of R.C.2905.01(A)(2). The trial court sentenced him to a three-year prison term for each count, to be served consecutively. Appellant was also sentenced to an additional three years for each gun specification, to be served consecutively for a total prison term of fifteen years. The remaining counts were nolled.
 {¶ 3} Appellant timely appealed, raising one assignment of error: "The trial court erred by sentencing the Defendant-Appellant to consecutive sentences of imprisonment."
 {¶ 4} Standard of Review Post-Foster
 {¶ 5} Appellant asks this court to review his sentence under a clear and convincing standard of review. For support, appellant relies on case law that was decided prior to the Supreme Court of Ohio's decision ofState v. Foster, 109 Ohio St.3d 1. See e.g., State v. Serrano,164 Ohio App.3d 103, 2005-Ohio-5606; State v. Cantrell, 2d Dist. No. 2005-CA-4,2006-Ohio-404, at ¶ 4.
 {¶ 6} However, in Foster, the court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Thus, post-Foster, we now apply an abuse of discretion standard in reviewing a sentence in the statutory range. State v. Haney, 11th Dist. No. 2006-L-253, 2007-Ohio-3712, at ¶ 24; State v. Sebring, 11th Dist. No. 2006-L-211, 2007-Ohio-1637, at ¶ 9; State v. Weaver, 11th Dist. No. 2006-L-113, 2007-Ohio-1644, at ¶ 33; State v. Taddie, 11th Dist. No. 2006-L-098, *Page 3 2007-Ohio-1643, at ¶ 12; State v. Bradford, 11th Dist. No. 2006-L-140,2007-Ohio-2575, at ¶ 11.
 {¶ 7} An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 8} Review of Sentence
 {¶ 9} At the outset, we note that in sentencing an offender for a felony conviction, pursuant to R.C. 2929.11(A), a trial court must be guided by the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." The court must also consider the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 10} "Although a trial court is required to consider the seriousness and recidivism factors, the court does not `need to make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors.'" State v.Lewis, 11th Dist. No. 2006-L-224, 2007-Ohio-3014, at ¶ 24, citingState v. Rady, 11th Dist. No. 2006-L-213, 2007-Ohio-1551, at ¶ 46, citing State v. Blake, 11th Dist. No. 2003-L-196, 2005-Ohio-686, at ¶ 16. "Thus, post-Foster, R.C. 2929.12 serves as a general judicial guide for every sentencing and remains valid after Foster. Rady, at ¶ 47, citing Foster at ¶ 36. "Although there is no mandate for judicial fact-finding in the general guidance statutes, there is no violation if the trial court makes findings *Page 4 
with respect to R.C. 2929.12." Lewis, at ¶ 24, citing State v.Mosier, 11th Dist. No. 2005-P-0100, 2006-Ohio-4187, at ¶ 11.
 {¶ 11} In accordance with these principles, we find that the trial court properly considered and reviewed the factors set forth in R.C.2929.12 and acted within its discretion in sentencing appellant to consecutive terms of imprisonment.
 {¶ 12} Appellant pled guilty to two counts of aggravated robbery, with firearm specifications and one count of kidnapping, all felonies of the first degree. The statutory range for felonies of the first degree is three to ten years. (R.C. 2929.14(A)(1).) The range of sentences remains unchanged post-Foster and under Foster, a trial court is vested with full discretion to impose a sentence within the statutory range and to impose consecutive sentences. State v. Kalish, 11th Dist. No. 2006-L-093, 2007-Ohio-3850, at ¶ 14. Since appellant was sentenced to three years on each of the counts, the trial court sentenced him within the statutory range, and, in fact, sentenced him to the lowest part of the statutory range.
 {¶ 13} With respect to the argument that the trial court erred in imposing consecutive sentences, appellant contends that under R.C.2929.12, the trial court failed to consider the seriousness and recidivism factors. Specifically, appellant contends that the victims were not of an age where they would suffer emotional trauma; the victims were not physically harmed; he had no type of relationship with the victims; he did not hold a public office or position that would obligate him to prevent this type of harm; and his professional reputation was not used to facilitate the offense. Although appellant concedes that his serious drug addiction motivated him to commit the crimes, *Page 5 
he expressed remorse for the crimes. Appellant therefore argues that based upon consideration of these factors, his sentence should be overturned.
 {¶ 14} We disagree. The trial court stated that it did consider R.C.2929.11 and .12 in making its sentencing determination. In its judgment entry, the court specifically said that it considered the record, oral statements, any victim impact statement, pre-sentence report and/or drug and alcohol evaluation as well as the principles and purposes of sentencing under R.C. 2929.11 and that it balanced the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 15} At the sentencing hearing and in the presentence report, it was brought to the court's attention that the victims in this case had their mouths bound with duct tape and were held at gunpoint when the crimes were committed. Thus, contrary to appellant's characterization of the crimes, the victims did suffer emotional trauma, and the crimes were serious in nature. As for the recidivism issue, there was evidence that appellant had a criminal history and drug abuse problems.
 {¶ 16} We cannot say that the trial court abused its discretion in sentencing appellant to consecutive sentences where the record reflects that the court properly considered all the statutory factors and sentenced appellant within the statutory range.
 {¶ 17} Appellant's assignment of error is without merit.
 {¶ 18} The judgment of the Lake County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs,
 COLLEEN MARY OTOOLE, J., dissents with a Dissenting Opinion. *Page 6