OPINION
{¶ 1} Appellant, Michael B. Sekanic ("Mr. Sekanic"), appeals the sentence imposed on him by the Lake County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On April 6, 2007, the Lake County Grand Jury indicted Mr. Sekanic on three counts of aggravated robbery, felonies of the first degree, in violation of R.C. 2911.01(A)(1) with firearm specifications, pursuant to R.C. 2941.145. Mr. Sekanic *Page 2 
initially pled not guilty to the charges. Subsequently, he entered a plea of guilty to count one. The trial court entered a nolle prosequi on the remaining counts.
 {¶ 3} On August 2, 2007, the court held a sentencing hearing. The trial court considered the presentence report, the psychological evaluation, a victim impact statement, letters submitted on Mr. Sekanic's behalf, Mr. Sekanic's statement in which he apologized for his actions, as well as the recommendations made by the prosecutor and defense counsel. The trial court also stated that it considered the purposes of felony sentencing under R.C. 2929.11 and the factors set forth in R.C. 2929.12.
 {¶ 4} The trial court sentenced Mr. Sekanic to a prison term of four years, with one hundred fifty-seven days of credit for time already served. Mr. Sekanic filed the instant appeal, raising one assignment of error: "The trial court erred by sentencing the defendant-appellant to more-than-the minimum term of imprisonment."
 {¶ 5} Standard of Review Post-Foster
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 7 of the syllabus. Thus, post-Foster, we now apply an abuse of discretion standard in reviewing a sentence in the statutory range. State v. Moore, 11th Dist. No. 2007-L-055, 2007-Ohio-6409, at ¶ 6. See, also, State v. Haney, 11th Dist. No. 2006-L-253, 2007-Ohio-3712, at ¶ 24; State v. Sebring, 11th Dist. No. 2006-L-211, 2007-Ohio-1637, at ¶ 9; State v. Weaver, 11th Dist. No. 2006-L-113, 2007-Ohio-1644, at ¶ 33; State v. Taddie, *Page 3 
11th Dist. No. 2006-L-098, 2007-Ohio-1643, at ¶ 12; State v.Bradford, 11th Dist. No. 2006-L-140, 2007-Ohio-2575, at ¶ 11.
 {¶ 7} An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 8} Review of Sentence
 {¶ 9} Mr. Sekanic contends that the trial court failed to consider the statutory factors under R.C. 2929.12. In particular, he argues that the court failed to consider the factor listed in R.C. 2929.12(E)(4), the recidivism factor, and (E)(5), the remorse factor. As a result, Mr. Sekanic urges this court to overturn his sentence.
 {¶ 10} "[I]n sentencing an offender for a felony conviction, pursuant to R.C. 2929.11(A), a trial court must be guided by the overriding purposes of felony sentencing, which are `to protect the public from future crime by the offender and others and to punish the offender.' The court must also consider the seriousness and recidivism factors under R.C. 2929.12." Moore at ¶ 9.
 {¶ 11} "Although a trial court is required to consider the seriousness and recidivism factors, the court does not `need to make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors.'" Id. at ¶ 10, citingState v. Lewis, 11th Dist. No. 2006-L-224, 2007-Ohio-3014, at ¶ 24, citing State v. Rady, 11th Dist. No. 2006-L-213, 2007-Ohio-1551, at ¶ 46, citing *Page 4 State v. Blake, 11th Dist. No. 2003-L-196, 2005-Ohio-686, at ¶ 16. Thus, "[t]he `recidivism' and `seriousness' factors set forth under R.C.2929.12 survived Foster. A sentencing court is therefore still required to consider these guiding factors in the exercise of its discretion; however, the trial court is not mandated to engage in any specific recitation of its considerations." State v. Zimcosky, 11th Dist. No. 2006-L-181, 2007-Ohio-6250, at ¶ 6, citing State v. Lloyd, 11th Dist. No. 2006-L-185, 2007-Ohio-3013, at ¶ 42.
 {¶ 12} In accordance with these principles, we find that the trial court properly considered and reviewed the factors set forth in R.C.2929.12 and acted within its discretion in sentencing Mr. Sekanic within the statutory range. Contrary to Mr. Sekanic's position, the trial court stated in open court that it considered R.C. 2911.11 and R.C. 2911.12. It is also evident that the court expressly considered the recidivism and remorse factors, when it stated as follows: "Factors indicating recidivism is more likely, there is a significant juvenile history, history of juvenile adjudications, the Defendant has not responded favorably to previously imposed sanctions. I don't know whether there is a lack of genuine remorse. Certainly a minimization of his involvement in this particular instance." Thus, in considering the recidivism factor, the court looked at Mr. Sekanic's "significant juvenile history" and the fact that he had a prior disorderly conduct conviction as an adult.
 {¶ 13} The court did consider R.C. 2929.12(E)(5), but chose to give little weight to Mr. Sekanic's apology. This is not, however, tantamount to an abuse of discretion since "the trial judge is vested with the discretion to determine how much weight [a defendant's statement in mitigation] shall receive." Zimcosky at ¶ 14. In this case, the *Page 5 
trial judge was warranted in placing greater weight on other statutory factors, including the fact that at least one of the victims suffered serious psychological harm. The trial judge also gave weight to the violent nature of the offense, where Mr. Sekanic and another offender (who was holding a sawed-off shotgun) entered the pizza parlor wearing ski masks, threatening people and demanding money. Under the circumstances, the trial court was well within its discretion to place greater weight on these statutory factors.
 {¶ 14} Since the trial court properly considered R.C. 2929.11 and the R.C. 2929.12 factors, we find that the trial court did not abuse its discretion in sentencing Mr. Sekanic within the statutory range.
 {¶ 15} The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., concurs,
COLLEEN MARY OTOOLE, J., concurs with Concurring Opinion.