[Cite as *State v. Moore*, 2014-Ohio-1870.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2013-L-052** |
| - vs - | : | |
| CHARLES MOORE, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000473.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, Lake County Administration Building,105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles Moore*, pro se, PID: 522-669, Trumbull Correctional Institution, P.O. Box 901, 5701 Burnett Rd., Leavittsburg, OH 44430 (Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1} Charles Moore appeals from the May 2, 2013 judgment entry of the Lake County Court of Common Pleas, denying his second petition for postconviction relief. We affirm.

{¶2} In August 2006, Mr. Moore was indicted by the Lake County Grand Jury on six counts: two for aggravated robbery; one for conspiracy to commit aggravated robbery; and three for kidnapping. All counts carried a firearm specification. He

pleaded not guilty to all the charges. Thereafter, he entered a plea deal with the state, and pleaded guilty to two counts of aggravated robbery, with their attendant firearm specifications, and one count of kidnapping, without a firearm specification. *State v. Moore*, 11th Dist. Lake No. 2007-L-055, 2007-Ohio-6409, ¶2. The trial court sentenced him to three consecutive three year terms on each count, plus two consecutive terms of three years on the firearm specifications, for a total prison term of 15 years. *Id.* Mr. Moore appealed the imposition of consecutive sentences. *Id.* at ¶3. This court affirmed. *Id.* at ¶18. Mr. Moore's discretionary appeal to the Supreme Court of Ohio was allowed. *State v. Moore*, 117 Ohio St.3d 1476, 2008-Ohio-1841. The Supreme Court affirmed the judgment of this court on the basis of *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. *State v. Moore*, 120 Ohio St.3d 355, 2008-Ohio-6319.

{¶3} November 30, 2010, Mr. Moore moved the trial court for relief from judgment pursuant to Civ.R. 60(B). He contended his constitutional right to effective assistance of counsel had been violated in the plea deal. The state did not oppose. By a judgment entry filed January 18, 2011, the trial court construed the motion as a petition for postconviction relief, and denied it as untimely filed. Mr. Moore did not appeal this judgment.

{¶4} April 3, 2013, Mr. Moore filed an application to vacate or set aside his judgment of conviction. Again, Mr. Moore asserted that trial counsel had been deficient in advising him of his constitutional rights pertaining to the plea deal, but that he had been delayed in discovering the relevant facts. Mr. Moore premised his petition on the recent decisions of the United States Supreme Court in *Lafler v. Cooper*, __U.S. __, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, __U.S. __, 132 S.Ct. 1399 (2012). April

2

8, 2013, the state filed its opposition to the petition. The trial court filed its judgment entry May 2, 2013. It construed the petition as one for postconviction relief. The trial court observed that Mr. Moore appeared unable to articulate any reason for the delay in discovering the (unspecified) facts underlying the petition. It denied the petition on the basis that no new constitutional right had been established in *Lafler* or *Frye.*

{¶5} Mr. Moore noticed this appeal June 4, 2013, assigning a single error:

{¶6} "The trial court and officers of the court did breach a plea agreement, under the Doctrine of Mutual Mistake of Law and Fact, warranting either specific performance, or, rescission of the plea regarding the imposition of more than two firearms specification's (sic) and sentences, as contrary to law. R.C. 2929.14(D)(1)(g) as the law in effact (sic) at the time of the mistake and perjudice (sic) therefrom. Certified Docket Sheet as passim and mentioned."

{¶7} While not entirely clear from his brief, it seems that Mr. Moore is arguing the trial court was required to merge the firearm specifications, and that the failure to do this constituted a breach of the contract between himself and the state which the plea deal represented.

{¶8} R.C. 2953.23 governs when a trial court may entertain a successive petition for postconviction, and provides, in pertinent part:

{¶9} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain * * * a second petition or successive petitions * * * on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

{¶10} "(1) Both of the following apply:

3

{¶11} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶12} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."[1]

{¶13} In the trial court, Mr. Moore seems to have contended that the decisions in *Lafler*, *supra*, and *Frye*, *supra*, established a new constitutional right regarding ineffective assistance of counsel in the plea deal setting. Federal circuit courts considering this argument in relation to the federal statutes analogous to postconviction proceedings in Ohio have rejected the proposition. *See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir.2012); *In re King*, 697 F.3d 1189 (5th Cir.2012); *Hare v. United States*, 688 F.3d 878, 879-880 (7th Cir.2012); *In re Perez*, 682 F.3d 930, 932-934 (11th Cir.2012). This court has rejected the proposition. *State v. Anderson*, 11th Dist. Trumbull No. 2013-T-0041, 2013-Ohio-4426, ¶19-21.

{¶14} On appeal, however, Mr. Moore has relinquished this argument, and simply contends he was unavoidably prevented from discovering that his firearm specifications should have merged at sentencing. This does not comply with the record

---

1. R.C. 2953.23(A)(2) concerns DNA evidence, and is unrelated to this appeal.

4

before us. November 30, 2006, Mr. Moore entered a written plea of guilty, which specifically informed him that he was pleading guilty to one count of kidnapping, and two counts of aggravated robbery, each of the latter including firearm specifications. He was specifically informed in the plea that he might face up to 36 years in prison.

{¶15} Further, Mr. Moore's argument is legally wrong. He cites to former R.C. 2929.14(D)(1)(g), present R.C. 2929.14(B)(1)(g), for the proposition that the firearm specifications should have merged. The statute provides, in pertinent part:

{¶16} "(g) If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies [is] * * * aggravated robbery, * * *, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court *shall* impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty * * *." (Emphasis added.)

{¶17} "It is axiomatic that the word 'shall' indicates a mandatory requirement. *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, * * *." (Parallel citations omitted.) *Aria's Way, LLC v. Concord Twp. Bd. Of Zoning Appeals*, 173 Ohio App.3d 73, 2007-Ohio-4776, ¶22 (11th Dist. 2007) In this case, Mr. Moore pleaded guilty to two counts of aggravated robbery, each of which included a firearm specification pursuant to R.C. 2941.145. R.C. 2929.14(B)(1)(g) does not allow a trial court, in a plea deal such as Mr. Moore's, to merge the firearm specifications, since he pleaded guilty to two of them. *See, e.g., State v. Murphy*, 8th Dist. Cuyahoga No. 98124, 2013-Ohio-2196, ¶6-7.

{¶18} Mr. Moore does not cite to any new right recognized by the United States Supreme Court applicable to his conviction. He does not cite to any fact he could not have discovered at the time of his sentencing. The trial court correctly dismissed his petition for postconviction relief

{¶19} The assignment of error lacks merit. The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.