OPINION
{¶ 1} Defendant-appellant John S. Sebring appeals the sentence imposed by the Lake County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On July 21, 2006 appellant pled guilty to one count of operating a vehicle under the influence of alcohol, a third-degree felony in violation of R.C. 4511.13(A)(1) *Page 2 
and one count of forgery, a fifth degree felony in violation of R.C.2913.31(A)(1).[1] The sentencing hearing was held on August 21, 2006. Appellant addressed the court and acknowledged that, as reflected in his presentence report, he has had twenty-six separate juvenile delinquency adjudications over a four year period and sixty-seven convictions as an adult, between 1976 and 2006. Of those convictions, appellant had seven prior DU I convictions. Appellant admitted that he has a problem with alcohol.
 {¶ 3} Appellant's attorney asked the court to impose the minimum prison term of one hundred twenty days, and that, upon his release from prison, that appellant enter into a program sponsored by the Salvation Army Program, where he could receive alcohol counseling treatment. The State opposed this recommendation, and instead asked the court to impose a four year sentence on the DUI charge and twelve months on the forgery charge. The trial court sentenced appellant to five years imprisonment, ordered him to pay a fine of $2, 500, to enter into a mandatory drug and alcohol treatment program, and ordered that his driving license be suspended for seventeen years.
 {¶ 4} Appellant filed the timely appeal, raising one assignment of error:
 {¶ 5} "The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment."
 {¶ 6} Standard of Review: Post-Foster Sentencing Issues
 {¶ 7} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio found that Ohio's sentencing statute was unconstitutional to the extent that it required judicial fact finding and consequently excised certain portions of the statute. In *Page 3 
so doing, the Foster court granted trial courts full discretion to sentence criminal defendants within the bounds prescribed by statute. Specifically, the Foster court stressed that "trial courts have fulldiscretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 7 of the syllabus. (Emphasis added.)
 {¶ 8} The Foster court clearly altered the standard of review in sentencing appeals from a clear and convincing standard to an abuse of discretion standard.
 {¶ 9} Therefore, post-Foster, we apply an abuse of discretion standard in reviewing a sentence in the statutory range. Id. See, also, State v.Jones, 9th Dist. No. 23316, 2007-Ohio-239, at ¶ 6 ("Foster altered this Court's standard of review which was previously a clear and convincing error standard."); State v. Slone, 2d Dist. Nos. 2005 CA 79 and 2006 CA 75, 2007-Ohio-130, at ¶ 7; State v. Schweitzer, 3d Dist. No. 2006-25,2006-Ohio-6087, at ¶ 19; State v. Firouzmandi, 5th Dist. No. 2006-CA-41,2006-Ohio-5823, at ¶ 37-40.
 {¶ 10} An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Further, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 11} Review of Sentence *Page 4 
 {¶ 12} In Foster, the Supreme Court of Ohio made it clear that two statutory sections, R.C. 2929.11 and R.C. 2929.12, "apply as a general guide for every sentencing." Foster, supra, at ¶ 36. The Court held that there is no mandate for judicial factfinding; rather, the court is merely to consider the statutory factors along with "any other relevant factors." Id. at ¶ 41-42.
 {¶ 13} R.C. 2929.11(A) provides that when imposing a sentence, the trial court must be guided by the "overriding purposes of felony sentencing," which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) further provides that a felony sentence must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 14} R.C. 2929.12 lists the statutory factors for trial courts to consider. Among the mandatory factors to consider, which directly apply to this appeal, are those factors listed in R.C. 2929.12(D) and (E), regarding the likelihood that the offender will or will not commit future crimes. The factors listed under R.C. 2929.12(D) include: whether the offender was previously adjudicated a delinquent or has a history of criminal convictions; whether he or she was rehabilitated to a satisfactory degree or has not responded favorably to sanctions; whether he or she has demonstrated a pattern of drug or alcohol abuse; and whether he or she shows remorse for the offense. (See, also, R.C.2929.12 (E), which lists contra factors such as whether the offender was never adjudicated a delinquent; has never been convicted of or pleaded guilty to a criminal offense; has led a law-abiding life for a significant number of years; the offense *Page 5 
was committed under circumstances not likely to recur; and the offender shows genuine remorse for the offense.)
 {¶ 15} Appellant contends that his sentence must be overturned because the trial court's findings were not supported by the record. A review of the record, however, reveals that the trial court complied with the sentencing guidelines. Prior to sentencing, the trial court stated in open court, and in its order, that in rendering its sentence, it considered the record, oral statements at the sentencing hearing, and pre-sentence report. The trial court also said that it considered the purposes behind the sentencing statute and that it balanced the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 16} With respect to the statutory factors, the trial court considered those factors indicating a high likelihood of recidivism, particularly those showing that appellant had an extensive criminal history that pointed toward the conclusion that appellant was likely to commit similar offenses in the future. As the trial court noted, not only did appellant have twenty-six prior juvenile adjudications and sixty-seven prior adult convictions, but he had also seven previous DU I offenses. While recognizing that appellant has an alcohol problem, the court nevertheless concluded, that based upon appellant's past history, that appellant has clearly not responded favorably to sanctions previously imposed and has not been successfully rehabilitated. As a result, the trial court remarked that: "I need to worry most importantly about the need to protect society from criminal behavior of Mr. Sebring in the future."
 {¶ 17} In imposing the five year sentence, the trial court was acting within its discretion. The trial court properly considered the overriding purposes of felony *Page 6 
sentencing, which are to protect the public from future crime and to punish the offender. R.C. 2929.11 (A). It also properly considered the relevant statutory factors.
 {¶ 18} We find that appellant's sentence of five years was within the statutory range of penalties to which he pleaded. Furthermore, because the trial court properly applied and considered the relevant statutory sentencing factors in R.C. 2929.12 and the purposes of felony sentencing, as set forth in R.C. 2929.11, we find that the trial court did not abuse its discretion in sentencing appellant to the sentence it imposed.
 {¶ 19} Accordingly, appellant's assignment of error is without merit.
 {¶ 20} The decision of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, J., DIANE V. GRENDELL, J., concur.
[1] . The forgery count stems from appellant's failure to positively identify himself when stopped by the police, and instead, allowing police to believe he was the owner of the vehicle. *Page 1