OPINION
{¶ 1} Appellant, James Weaver, appeals from the May 17, 2006 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for receiving stolen property, grand theft, and breaking and entering.
 {¶ 2} On October 18, 2005, by way of information, appellant was charged with three counts: count one, complicity to receiving stolen property, a felony of the fifth degree, in violation of R.C.2923.03(A)(2); count two, grand theft, a felony of the fourth *Page 2 
degree, in violation of R.C. 2913.02(A)(1); and count three, breaking and entering, a felony of the fifth degree, in violation of R.C.2911.13(A). Appellant waived his right to have his case presented to the Grand Jury, and requested that the charges against him proceed by way of information.
 {¶ 3} On November 10, 2005, appellant entered a written plea of guilty to the three charges. The trial court accepted appellant's guilty plea, and deferred sentencing until December 22, 2006. However, appellant failed to appear for his sentencing hearing. After revoking his bond, the trial court issued a bench warrant for appellant's arrest. It held a new sentencing hearing on May 11, 2006.
 {¶ 4} In a May 17, 2006 judgment entry, the trial court sentenced appellant to twelve months in prison on count one, eighteen months in prison on count two, and twelve months in prison on count three, to run concurrent to each other, for an aggregate sentence of eighteen months. He was given credit of one hundred forty-four days credit for time already served. The court further notified appellant that he may be placed on post-release control up to a maximum of three years.
 {¶ 5} It is from the May 17, 2006 judgment entry from which appellant appealed, raising the following four assignments of error:
 {¶ 6} "[1.] The trial court erred to the prejudice of the appellant when it sentenced him to prison in contradiction to R.C. 2929.14(B) which sentence is contrary to law.
 {¶ 7} "[2.] The trial court erred to the prejudice of the appellant when it sentenced him to more than the minimum prison term which sentence is contrary to law. *Page 3 
 {¶ 8} "[3.] The trial court erred when it sentenced [appellant] to prison instead of community control and in sentencing him to more than the minimum prison term based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to trial by jury.
 {¶ 9} "[4.] The sentence violates the Due Process Clause and the Ex Post Facto provisions of the United States and Ohio Constitutions."
 {¶ 10} Upon consideration of the record presented and this court's recent, extensive analysis of these issues in our decision in State v.Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, we affirm the judgment of the trial court.
 {¶ 11} Standard of Review
 {¶ 12} After State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, appellate courts review felony sentences under an abuse of discretion standard. State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 47.
 {¶ 13} In Foster, the Supreme Court of Ohio concluded that trial courts have full discretion to impose a prison sentence within the statutory range. Id. at ¶ 100. An abuse of discretion implies the trial court's attitude is "unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d, 151, 157. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 14} Prison Sentence in Lieu of Community Control
 {¶ 15} Appellant argues in his first assignment of error, that the trial court erred when it sentenced him to prison rather than community control. We disagree. *Page 4 
 {¶ 16} Appellant was sentenced after being convicted of fourth and fifth degree felonies pursuant to R.C. 2929.13(B). In State v.Dach, 11th Dist. Nos. 2005-T-0048 and 2005-T-0054, 2006-Ohio-3428, at ¶ 61, this court explained that in Foster, "the Supreme Court held R.C.2929.13(B) does not violate Blakely v. Washington (2004), 542 U.S. 296. The court pointed out that the statute has no presumption in favor of community control and, in effect, a court could impose a prison term for felonies of the fourth and fifth degree without making any findings of the sort found in R.C. 2929.13(B)(1)(a) through (i). As the statute does not require the sentencing court to make additional findings of fact before increasing a penalty for an offense of the fourth or fifth degree felony level, the statute falls outside the parameters ofBlakely. Id., citing Foster, at ¶ 68-70." Therefore, we analyze sentences that fall under R.C. 2929.13(B) as we did prior toFoster.
 {¶ 17} R.C. 2929.13(B)(1) provides that "in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 18} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 19} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 20} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person. *Page 5 
 {¶ 21} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 22} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 23} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation * * *.
 {¶ 24} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 25} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 26} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 27} Then, under R.C. 2929.13(B)(2), if the court makes a finding described in R.C. 2929.13(B)(1)(a)-(i), and "after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 28} If however, the court does not make a finding described in (B) (1 ), and after considering the R.C. 2929.12 factors, it "finds that a community control sanction or *Page 6 
combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender." R.C.2929.13(B)(2)(b)
 {¶ 29} In the case sub judice, the trial court stated in its May 17, 2006 judgment entry that it did not find one of the listed factors under R.C. 2929.13(B). However, after considering the record, oral statements, presentence report and drug and alcohol evaluation, as well as the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, the trial court found that a prison term was consistent with R.C. 2929.11 and that appellant was not amenable to community control sanctions. The trial court found it particularly significant that appellant committed these crimes on the fourth day after he was released from prison on another conviction, stating, "there's no question in my mind that he is not amendable to a community control sanction."
 {¶ 30} After reviewing the record, the trial court did not err when it sentenced appellant to prison rather than community control. As such, appellant's first assignment of error is without merit.
 {¶ 31} More-than-the-Minimum Sentence
 {¶ 32} In his second assignment of error, appellant maintains that the trial court erred when it sentenced him to more-than-the-minimum sentences. We disagree.
 {¶ 33} In Foster, at paragraph seven of the syllabus, the Supreme Court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing *Page 7 
maximum, consecutive, or more than the minimum sentences." Appellant was sentenced after Foster was released, and therefore, the trial court had full discretion to sentence appellant within the statutory ranges for fourth and fifth degree felonies.
 {¶ 34} R.C. 2929.14(A)(4) provides that the basic prison term for a fourth degree felony is between six and eighteen months. R.C.2929.14(A)(5) states that the basic prison term for a fifth degree felony is six to twelve months. The trial court sentenced appellant to twelve months on counts one and three, receiving stolen property and breaking and entering, felonies of the fifth degree; and to eighteen months on count two, grand theft, a felony of the fourth degree.
 {¶ 35} Thus, the trial court did not err when it sentenced appellant within the basic ranges for fourth and fifth degree felonies. Therefore, appellant's second assignment of error lacks merit.
 {¶ 36} Blakely Challenge
 {¶ 37} In his third assignment of error, appellant claims that the trial court violated his state and federal constitutional rights to a trial by jury when it sentenced him to prison rather than community control, and to more-than-the-minimum sentences. Specifically, appellant contends that because the trial court, rather than a jury, found that the shortest prison term will demean the seriousness of appellant's conduct and will not adequately protect the public from future crime by appellant, that it violated his constitutional rights pursuant toBlakely when it imposed punishment on him. We disagree.
 {¶ 38} As previously discussed, R.C. 2929.13 does not violateBlakely. Dach, supra, at ¶ 61, citing Foster at ¶ 68-70. Thus, the trial court did not violate appellant's *Page 8 
state and federal constitutional rights when it imposed a prison term on him, rather than community control. Moreover, the Supreme Court severed the unconstitutional provisions of Ohio sentencing statutes, including R.C. 2929.14. Foster at paragraphs two, four, and six of the syllabus. After severance, trial courts have full discretion to sentence offenders within the statutory range for a particular felony. Id. at paragraph seven of the syllabus. Thus, appellant's third assignment of error lacks merit.
 {¶ 39} Due Process and Ex Post Facto Challenges
 {¶ 40} In his fourth and final assignment of error, appellant argues that the trial court erred when it sentenced him to prison, rather than community control, because it violated the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions. He alleges that the sentences imposed were not available to the trial court at the time the offenses were committed.
 {¶ 41} This court recently answered the questions presented in appellant's fourth assignment of error in Elswick, supra. Having been issues of first impression in Elswick, we concluded that Foster did not violate the due process and ex post facto clauses of the Ohio and United States Constitutions, because defendants face the same potential sentence as they did before Foster. See Elswick at ¶ 16-30 (for a complete and thorough analysis).
 {¶ 42} Prior to Foster, individuals who decided to commit crimes were aware of what the potential sentences could be for the offenses committed. R.C. 2929.14(A). Here, appellant pleaded guilty to three counts, two were felonies of the fifth degree and one was a felony of the fourth degree. The range of sentences available for second-degree felonies remains unchanged post Foster. R.C. 2929.14(A) provided fair warning *Page 9 
to appellant that he could receive anywhere from six to twelve months for his fifth-degree felony offenses and six to eighteen months for his fourth-degree felony offense. His plea agreement specified the code provisions in effect at that time, and the range of possible prison terms. Again, these provisions have not changed or been enlarged in any manner after Foster. He was sentenced on May 17, 2006, over two months after Foster was decided.
 {¶ 43} Foster does not violate Section 28, Article II of the Ohio Constitution, or Article I, Section 10 of the United States Constitution. Accordingly, appellant's fourth assignment of error is without merit.
 {¶ 44} For the foregoing reasons, appellant's four assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., concurs,
 COLLEEN MARY OTOOLE, concurs in judgment only. *Page 1