OPINION
{¶ 1} Appellant, David L. Taddie, appeals from the April 28, 2006 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for three counts of aggravated arson.
 {¶ 2} On January 27, 2006, appellant was indicted by the Lake County Grand Jury on six counts of aggravated arson: counts one, three, and five, aggravated arson, felonies of the first degree, in violation of R.C. 2909.02(A)(1); counts two, four, and six, *Page 2 
aggravated arson, felonies of the second degree, in violation of R.C.2909.02(A)(2). On February 3, 2006, appellant filed a waiver of his right to be present at the arraignment and the trial court entered a not guilty plea in his behalf.
 {¶ 3} On March 20, 2006, appellant withdrew his former plea of not guilty, and entered an oral and written plea of guilty to three counts of aggravated arson, felonies of the second degree. On March 10, 2006, the trial court accepted appellant's guilty plea, and entered a nolle prosequi on the remaining three counts of aggravated arson, felonies of the first degree.
 {¶ 4} Pursuant to its April 28, 2006 judgment entry, the trial court sentenced appellant to two years in prison on each count, to be served consecutive to one another, for a total of six years in prison. Appellant was given credit of one hundred forty-three days for time already served. The trial court notified appellant that post release control was mandatory, up to a maximum of three years. In addition, the trial court ordered appellant to pay all court costs and fees. It is from the foregoing judgment that appellant filed a timely notice of appeal, raising the following assignments of error:
 {¶ 5} "[1.] The trial court erred when it sentenced [appellant] to consecutive prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 6} "[2.] The trial court erred when it sentenced [appellant] to consecutive prison terms in violation of [appellant's] right to due process.
 {¶ 7} "[3.] The trial court erred when it sentenced [appellant] to consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers. *Page 3 
 {¶ 8} "[4.] The trial court erred when it sentenced [appellant] to consecutive prison terms contrary to the rule of lenity.
 {¶ 9} "[5.] The trial court erred when it sentenced [appellant] to consecutive prison terms contrary to the intent of the Ohio legislators."[1]
 {¶ 10} Upon consideration of the record presented and this court's recent, extensive analysis of the identical issues in theElswick decision, we affirm the judgment of the trial court.
 {¶ 11} Standard of Review
 {¶ 12} After State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, appellate courts review felony sentences under an abuse of discretion standard. Elswick at ¶ 47. An abuse of discretion implies the trial court's attitude was "unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157. Furthermore, an appellate court may not substitute its judgment for that of the trial court.Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 13} Due Process and Ex Post Facto Challenges
 {¶ 14} In his first assignment of error, appellant argues that the trial court erred by sentencing him to consecutive prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions. He alleges that the sentences imposed were not available to the trial court at the time the offenses were committed.
 {¶ 15} In his second assignment of error, appellant contends that the trial court *Page 4 
erred by sentencing him to consecutive prison terms in violation of his right to due process. He maintains that he had neither actual nor constructive notice that the sentences imposed were possible punishments for the offenses.
 {¶ 16} Appellant's first and second assignments of error are interrelated since they both are premised on alleged violations of ex post facto principles embedded in the notion of due process. Thus, we will address them in a consolidated fashion.
 {¶ 17} As noted, this court recently answered the questions presented in appellant's first two assignments of error in Elswick, supra.[2]
Having been issues of first impression in Elswick, we concluded thatFoster did not violate the due process and ex post facto clauses of the Ohio and United States Constitutions, because defendants face the same potential sentence as they did before Foster. See Elswick at ¶ 16-30 (for a complete and thorough analysis).
 {¶ 18} Prior to Foster, individuals who decided to commit crimes were aware of what the potential sentences could be for the offenses committed. R.C. 2929.14(A). Here, appellant pleaded guilty to three counts of aggravated arson, felonies of the second degree. The indictment alleged that appellant committed the foregoing offenses on October 5, 2005, November 12, 2005, and December 5, 2005. Thus, appellant's offenses were committed before Foster, but afterApprendi v. New Jersey (2000), 530 U.S. 466, Blakely v. Washington
(2004), 542 U.S. 296, and United States v. Booker (2005), 543 U.S. 220.
 {¶ 19} The range of sentences available for second-degree felonies remains unchanged post Foster. R.C. 2929.14(A) provided fair warning to appellant that he *Page 5 
could receive anywhere from two to eight years for his second-degree felony offenses. Appellant understood and signed his plea agreement, which he entered into on March 20, 2006, almost one month afterFoster was released. His plea agreement specified the code provisions in effect at that time, the range of possible prison terms, and made clear that his sentences could run consecutively. Again, these provisions have not changed or been enlarged in any manner after Foster. He was sentenced on April 28, 2006, over two months after Foster was decided.
 {¶ 20} As this court recently held in Elswick, Foster does not violate Section 28, Article II of the Ohio Constitution, or Article I, Section 10 of the United States Constitution. Appellant has presented no new arguments to persuade us that our past decision should be abandoned. Accordingly, appellant's first and second assignments of error are without merit.
 {¶ 21} Separation of Powers Challenge
 {¶ 22} In his third assignment of error, appellant contends that the trial court erred by sentencing him to consecutive prison terms based on the Supreme Court of Ohio's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers. He stresses that the sentences imposed were the result of a judicially mandated change to Ohio's sentencing statutes.
 {¶ 23} In Elswick, supra, at ¶ 37-38, we stated as is directly controlling herein:
 {¶ 24} "R.C. 1.50 deals with severability of code section provisions and provides: `(i)f any provisions of a section of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or *Page 6 
applications of the section or related sections which can be given effect without the invalid provision or application, and to this end the provisions are severable.'"
 {¶ 25} In the case sub judice, we do not agree with appellant that the Supreme Court of Ohio violated the separation of powers doctrine. We note that severance is a specific remedy that the judicial branch may use when interpreting a statute's constitutionality. Pursuant to R.C.1.50, if a statute is determined to be unconstitutional, the judicial branch is vested with the power to sever the provision found to be invalid. The Supreme Court in Foster did not exceed its power by severing the statutes it found incompatible with the Ohio and United States Constitution. Rather, it employed the same remedy used by the United States Supreme Court in Booker, supra, in order to bring Ohio's sentencing scheme in line with constitutional mandates.
 {¶ 26} Thus, appellant's third assignment of error is without merit.
 {¶ 27} The Rule of Lenity
 {¶ 28} In his fourth assignment of error, appellant maintains that the trial court erred by sentencing him to consecutive prison terms contrary to the rule of lenity. He alleges that he should have received concurrent sentences for his offenses. Again, this court addressed this exact issue in Elswick. Elswick, supra, at ¶ 40-44. We concluded that the trial court did not violate the rule of lenity when it sentenced the defendant in that case to a more than the minimum sentence. The same analysis applies to consecutive sentences.
 {¶ 29} "The "rule of lenity" is a principle of statutory construction which states that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant where the intended scope of the statute is ambiguous.' State v. Brown *Page 7 
(May 2, 1997), 2d Dist. No. 96 CA 92, 1997 Ohio App. LEXIS 1747, at 10, citing Moskal v. United States (1990), 498 U.S. 103, 107-108. The rule of lenity `provides that ambiguity in criminal statutes is construed strictly so as to only apply to conduct that is clearly prescribed.'State v. Goist, 11th Dist. No. 2002-T-0136, 2003-Ohio-3549, at ¶ 23, citing United States v. Lanier (1997), 520 U.S. 259, 266."Elswick at ¶ 42.
 {¶ 30} In the instant case, appellant was sentenced afterFoster, and, thus, the trial court was bound to apply the law announced by the Supreme Court of Ohio. Because the statutory scheme is not ambiguous, the rule of lenity does not apply. See Goist, supra, at ¶ 23, citing United States v. Johnson (2000), 529 U.S. 53, 59, (holding "`[a]bsent ambiguity, the rule of lenity is not applicable to guide statutory interpretation.'")
 {¶ 31} Therefore, appellant's fourth assignment of error is without merit.
 {¶ 32} The Intent of Senate Bill 2
 {¶ 33} In his fifth assignment of error, appellant alleges that the trial court erred by sentencing him to consecutive prison terms contrary to the intent of the Ohio legislators. He maintains that by severing the offending statutes in Foster, the Supreme Court failed to uphold the intent of the Ohio General Assembly when it enacted Senate Bill 2 ("S.B. 2"). Appellant stresses that excising the findings a trial court was required to make when imposing more than the minimum, maximum, or consecutive terms, eliminates meaningful appellate review. Also, he contends that the severance remedy in Foster was more severe than the remedy used in Booker.
 {¶ 34} As stated previously, this court recently addressed these issues in Elswick as well, concluding that Foster did not deprive appellants of meaningful appellate review. Further, we determined that the remedy in Foster is not more severe and *Page 8 
radical than that which was used in Booker. See Elswick at ¶ 45-54 (for a complete discussion.)
 {¶ 35} Thus, appellant's fifth assignment of error is without merit.
 {¶ 36} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs,
COLLEEN MARY OTOOLE, J., concurs in judgment only.
[1] . Appellant's five assignments of error are identical to the five assignments of error in a recent case released by this court on December 29, 2006: State v. Elswick, 11th Dist. No. 2006-L-075,2006-Ohio-7011.
[2] . In Elswick, the appeal dealt with more than the minimum sentences. Here, appellant is contesting his consecutive sentences. However, the same analysis applies. *Page 1