OPINION
{¶ 1} Appellant, Ciera Limbeck ("Ms. Limbeck"), appeals from a judgment of the Trumbull County Court of Common Pleas sentencing her to eight years imprisonment for involuntary manslaughter. For the following reasons, we affirm.
 {¶ 2} On September 4, 2006, Ms. Limbeck, then eighteen years old, engaged in a fight with Brittany Fuller ("Fuller"), a sixteen-year-old, over a dispute involving *Page 2 
cigarettes and prank telephone calls. Ms. Limbeck nicked Fuller in the neck with a knife, cutting her jugular vein, and Fuller bled to death an hour later.
 {¶ 3} On September 13, 2006, a grand jury indicted Ms. Limbeck for felonious assault, a second degree felony in violation of R.C. 2903.11(A)(2) and (D), and murder, a first degree felony in violation of R.C. 2903.02(B) and (D). Ms. Limbeck initially pled not guilty to these charges. Subsequently, she pled guilty to an amended indictment for involuntary manslaughter, a first degree felony in violation of R.C. 2903.04(A) and (C).
 {¶ 4} At the sentencing hearing held on May 15, 2007, the trial court heard the impact statement from the victim's family. Before sentencing Ms. Limbeck, the court stated: "There is little a criminal defendant can do that is more serious and life changing than taking another's life," noting that Ms. Limbeck purposely carried a knife for her encounter with the victim. After stating that it was "taking into consideration all the principles and purposes of sentencing," the court sentenced her to an eight-year term of imprisonment, with five years of post release control.
 {¶ 5} Ms. Limbeck timely filed the instant appeal, raising one assignment of error for our review.
 {¶ 6} "Whether the trial court erred and abused its discretion by imposing more than the minimum sentence on appellant."
 {¶ 7} Ms. Limbeck contends she should have received the minimum sentence pursuant to R.C. 2929.14(B). She also claims, without demonstrating, that the trial court failed to consider the general guidance statute, R.C. 2929.11.
 {¶ 8} Standard of Review post-Foster *Page 3 
 {¶ 9} In State v. Payne, 11th Dist. No. 2006-L-272, 2007-Ohio-6740, this court addressed the standard of review in felony sentencing following the decision by the Ohio State Supreme Court in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We stated:
 {¶ 10} "In State v. Foster, 109 Ohio St.3d 1, 2006 Ohio 856,845 N.E.2d 470, the Supreme Court of Ohio, in striking down parts of Ohio's sentencing scheme, held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Thus, post-Foster, we now apply an abuse of discretion standard in reviewing a sentence that is within the statutory range.State v. Haney, 11th Dist. No. 2006-L-253, 2007 Ohio 3712, at ¶ 24;State v. Sebring, 11th Dist. No. 2006-L-211, 2007 Ohio 1637, at ¶ 9;State v. Weaver, 11th Dist. No. 2006-L-113, 2007 Ohio 1644, at ¶ 33;State v. Taddie,[1] 11th Dist. No. 2006-L-098, 2007 Ohio 1643, at ¶ 12; State v. Bradford, 11th Dist. No. 2006-L-140, 2007-Ohio-2575, at ¶ 11.
 {¶ 11} "An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute *Page 4 
its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621, 1993 Ohio 122, 614 N.E.2d 748.
 {¶ 12} "We recognize that although the abuse of discretion standard will govern most post-Foster sentencing appeals, there are certain, limited circumstances in which the clear and convincing standard that was left unexcised by Foster, pursuant to R.C. 2953.08(G)(2)(b), would still apply. For instance, if it is determined that a sentence is contrary to law because the sentence falls outside the applicable range of sentencing, and the trial court has failed to even consider R.C. 2929.11 and the factors enumerated in R.C. 2929.12, then the matter must be reviewed under the clear and convincing standard of R.C. 2953.08(G)(2)(b).
 {¶ 13} "Since R.C. 2953.08(G)(2)(b) does not apply to such judicial factfinding, but instead refers to errors in law, this statute survives with respect to the appellate standard of review of such errors. Thus, where it is to be argued the trial court's conduct was contrary to law, we are to apply a clear and convincing standard of review. However, if the sentence falls within the statutory range for the offenses for which the defendant was convicted, then we presume that the trial court considered the sentencing criteria in imposing defendant's sentence even where the record is silent on that point. This is because `[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12.' State v. Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus.
 {¶ 14} "In sum, we continue to adhere to our prior holdings in which we have applied the abuse of discretion standard of review in a post-Foster appeal where the trial court considered R.C. 2929.11 and the factors set forth in R.C. 2929.12, but *Page 5 
recognize that the clear and convincing standard of review remains viable in those very limited circumstances where the sentence is contrary to law." Id. at ¶ 16-21. (Footnote added.)
 {¶ 15} Here, Ms. Limbeck does not assert that her sentence is "contrary to law." Although she claims the court fails to consider the general guidance statute, R.C. 2929.11, she fails to make any argument or otherwise demonstrate in her brief that the trial court failed to consider the statutory factors.
 {¶ 16} Therefore, this case falls outside of the very limited set of felony sentencing cases where the clear and convincing standard of review is still applicable post Foster. Payne at ¶ 19; see, also,State v. Barringer, 11th No. 2007-P-0002, 2008-Ohio-729, at ¶ 25.
 {¶ 17} Consequently, the only issue to be reviewed in this appeal is Ms. Limbeck's claim that because she had not been previously sentenced to a prison term, the trial court should have sentenced her to the minimum sentence pursuant to R.C. 2929.14(B).
 {¶ 18} That statute states:
 {¶ 19} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), (G), or (L) of this section, in section 2907.02
or 2907.05 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following
applies: *Page 6 
 {¶ 20} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 21} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
 {¶ 22} Regarding R.C. 2929.14(B), the Supreme Court of Ohio declared in Foster that R.C. 2929.14(B)(2) violates the principle announced by the United States Supreme Court in Blakely v. Washington (2004), 542 U.S. 296. The Supreme Court of Ohio stated:
 {¶ 23} "Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will `demean the seriousness' of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term. R.C. 2929.14(B)(2).
 {¶ 24} "Under R.C. 2929.14(B), therefore, a court is not authorized to exceed the shortest prison term unless it makes the additional findings.State v. Edmonson (1999), 86 Ohio St.3d 324, 326, 1999 Ohio 110,715 N.E.2d 131 (findings required, reasons not); State v. Comer,99 Ohio St.3d 463, 2003 Ohio 4165, 793 N.E.2d 473 (findings required for first offender). Since a jury verdict alone does not determine the sentence, R.C. 2929.14(B) violates Blakely principles." Foster at ¶ 60-61.
 {¶ 25} The court in Foster held that R.C. 2929.14(B) is however capable of being severed, and, after the severance, judicial factfinding is not required before a greater *Page 7 
than the minimum prison term can be imposed within the basic ranges of R.C. 229.14(A) based upon a jury verdict or admission of the defendant.Foster at ¶ 99. The court concluded that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing * * * more than the minimum sentences." Id. at ¶ 100 (emphasis original). "Since Foster, trial courts no longer must navigate a series of criteria that dictate the sentence and ignore judicial discretion." State v. Dwyer, 11th Dist. No. 2007-P-0063 and 2007-P-0064,2008-Ohio-1130, at ¶ 13, quoting State v. Payne, 114 Ohio St. 3d 502,2007 Ohio 4642, at ¶ 25.
 {¶ 26} Here, the record reflects Ms. Limbeck pled guilty to involuntary manslaughter, a felony of the first degree, for which the statute authorizes a trial court to impose a prison term between three and ten years. R.C. 2929.14(A)(1). The trial court sentenced Ms. Limbeck to eight years, within the statutory range. We therefore find no abuse of discretion pursuant to Foster and will not disturb the sentence on appeal. See, also, Dwyer at ¶ 13-14. Ms. Limbeck's assignment of error is without merit.
 {¶ 27} The judgment of Trumbull County Common Pleas Court is affirmed.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY OTOOLE, J., concurs with Concurring Opinion.
[1] In Taddie, this court stated: "[a]fter State v. Foster, 109 St.3d 1, 2006 Ohio 856, 845 N.E.2d 470, appellate courts review felony sentences under an abuse of discretion standard," citing State v.Elswick, 11th No. 2006-L-075, 2006-Ohio-7011. Applying this standard of review, we affirmed the sentence in Taddie. We note the Supreme Court of Ohio denied discretionary appeal of Taddie in State v. Taddie,114 Ohio St. 3d 1513, 2007-Ohio-4285. The United States Supreme Court also denied certiorari, in Taddie v. Ohio (2008), 128 S. Ct. 1133;169 L. Ed. 2d 956; 76 U.S.L.W. 3392. *Page 8