OPINION
{¶ 1} Appellant, Eric B. Fortune, appeals the sentence imposed on him by the Geauga County Court of Common Pleas following his guilty plea to theft. At issue is whether the court abused its discretion in sentencing appellant to the maximum prison term. For the reasons that follow, we affirm.
 {¶ 2} On July 14, 2007, Paula Carroll of Bostwick's Antiques in Chardon, Ohio reported to the Chardon Police Department that between June 13, 2007 and July 13, 2007, appellant and his wife Gina Fortune had stolen jewelry, coins, and various *Page 2 
antiques from her elderly mother Jeanne Bostwick. Mrs. Bostwick is the owner of the antique shop. Ms. Carroll advised the officer that her mother had hired appellant and his wife to provide care to her because she is handicapped and bedridden. Mrs. Bostwick hired the Fortunes because she had previously conducted business with appellant in connection with her antique business and trusted him.
 {¶ 3} On July 15, 2007, Chardon police arrested appellant and his wife. Appellant admitted that while he was employed by Mrs. Bostwick, he stole various antiques from her during a one-month period. He stole silver dishes, flatware, gold coins and other antiques, and then pawned them to get money to support his crack cocaine habit. The pawnshop owner advised police that he had purchased the stolen items, including five one ounce Krugerrand gold coins, from appellant seven times between June 8, 2007 and June 28, 2007. The pawnshop had already sold many of the stolen items so they could not be returned.
 {¶ 4} On August 14, 2007, an indictment was returned against appellant charging him with theft from an elderly person, a felony of the third degree, in violation of R.C. 2913.02(A)(1). Pursuant to a plea bargain, on November 6, 2007, appellant plead guilty to the lesser included offense of theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1). The trial court referred the matter to the adult probation department for a pre-sentence investigation.
 {¶ 5} On January 4, 2008, the trial court held a sentencing hearing. Appellant apologized to Mrs. Bostwick and said that she had been a true friend. He said he had previously been sober for five years and just "screwed up." Appellant's attorney advised that appellant had helped the state secure the return of some but not all of the items he *Page 3 
had stolen from Mrs. Bostwick. He said appellant never had an opportunity to have intensive drug treatment, and asked the court to sentence him to Northeast Ohio Community Alternative Program ("NEOCAP"), which he said would provide appellant with such treatment.
 {¶ 6} Paula Carroll told the court her mother considered appellant a friend. Her mother helped appellant when he was in need by giving him a job, and appellant repaid her trust by stealing from her. She said her mother has no income and had invested in the items appellant stole and planned to use them toward her retirement and to help pay her heavy medical bills. She said that following a recent illness and extended hospital stay, her mother needs 24-hour care, is totally dependent, and was very hurt by appellant's betrayal.
 {¶ 7} Mrs. Bostwick in her victim impact statement told the court that appellant took advantage of her because she is a paraplegic and helpless. She said that appellant's theft and deception caused her "great worry and anxiety * * *. It is difficult for me to trust anyone coming to my home." She indicated the total cost she incurred as a result of appellant's crime (total crime-related cost) was $21,323. She was forced to file a claim with her own insurance carrier, and her policy required her to pay a $500 deductible to assert a claim. The amount her carrier paid her was only $11,105.75. She asked that the court impose the maximum sentence and award her the balance of the amount she had lost in the amount of $10,217.25 by way of restitution. The prosecutor asked the court for an award of $500 in restitution to cover Mrs. Bostwick's deductible. The prosecutor also advised the court that as part of the plea bargain, the *Page 4 
state would not oppose a NEOCAP commitment, if appellant was eligible for the program.
 {¶ 8} The court considered the presentence report, which indicated that in 1987, appellant was convicted of attempted trafficking in marijuana in the Ashtabula County Court of Common Pleas, for which he was given probation. In 1990, appellant was convicted of drug abuse in the same court. Later in 1990, appellant was convicted of possession of marijuana and driving under the influence of alcohol in the Ashtabula County Court of Common Pleas. Again, in 1990, in a separate case, appellant was convicted of receiving stolen property in the Ashtabula County Court of Common Pleas and sentenced to 18 months in prison. In 2006, appellant was convicted of possession of drug paraphernalia in the Ashtabula Municipal Court, for which he received probation. In 2007, appellant plead guilty to breaking and entering in the Ashtabula County Court of Common Pleas, and as of the date of sentencing in the instant case, was awaiting sentencing in that court. Thus, appellant had been previously placed on probation at least twice and sentenced to prison.
 {¶ 9} The trial judge noted he did not agree with counsel's comment that appellant had never been given a real chance at rehabilitation. In 2001, appellant entered Turning Point, an inpatient treatment facility in Ashtabula. Appellant completed this program in that year and relapsed five years later in 2006. In November, 2006, appellant again entered Turning Point. He was given residential drug treatment and in November, 2006, he left Turning Point because he began using crack cocaine again. The court noted appellant had been given two opportunities to rehabilitate, but *Page 5 
squandered them both. The court stated that in the circumstances, there was a high risk that appellant would recidivate.
 {¶ 10} The court imposed the maximum sentence of 18 months in prison and ordered that appellant pay restitution in the amount of $500. Appellant filed a timely appeal, asserting for his sole assignment of error:
 {¶ 11} "THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE UPON DEFENDANT."
 {¶ 12} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio, in striking down parts of Ohio's sentencing scheme, held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Thus, post-Foster, we now apply an abuse of discretion standard in reviewing a sentence in the statutory range. State v.Haney, 11th Dist. No. 2006-L-253, 2007-Ohio-3712, at ¶ 24; State v.Sebring, 11th Dist. No. 2006-L-211, 2007-Ohio-1637, at ¶ 9; State v.Weaver, 11th Dist. No. 2006-L-113, 2007-Ohio-1644, at ¶ 33; State v.Taddie, 11th Dist. No. 2006-L-098, 2007-Ohio-1643, at ¶ 12; State v.Bradford, 11th Dist. No. 2006-L-140, 2007-Ohio-2575, at ¶ 11.
 {¶ 13} An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute *Page 6 
its judgment for that of the trial court. Pons v. Ohio State Med.Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 14} In Foster, the Supreme Court of Ohio held that two statutory sections, R.C. 2929.11 and R.C. 2929.12, "apply as a general guide for every sentencing." Foster, supra, at ¶ 36. In sentencing an offender for a felony conviction, pursuant to R.C. 2929.11(A), a trial court must be guided by the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." To achieve these two purposes, the court must consider the need for incapacitating the offender, deterring him from future crime, rehabilitating the offender, and making restitution to the victim. Id. R.C. 2929.11(B) provides that a felony sentence must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim. The court must also consider the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 15} Appellant concedes the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. However, he argues that these purposes and factors required that he be sentenced to NEOCAP for drug treatment. However, our review of the record reveals that the trial court complied with the statutory sentencing guidelines. Prior to sentencing and in its sentencing entry, the court indicated that in sentencing appellant, it had considered the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, the plea agreement, *Page 7 
appellant and his counsel's statements, the presentence report, Ms. Carroll's comments, and Mrs. Bostwick's victim impact statement.
 {¶ 16} Appellant concedes that he used his relationship with the victim to facilitate the offense, a seriousness factor under R.C. 2929.12(B)(6), but argues none of the recidivism factors of R.C. 2929.12(D) or (E) are applicable. However, the trial court was required to consider the following applicable recidivism factors: (1) whether the offender has a history of criminal convictions (R.C. 2929.12(D)(2)); (2) whether he has not responded favorably to sanctions previously imposed for criminal convictions (R.C. 2929.12(D)(3)); and (3) whether the offense was committed under circumstances not likely to recur (R.C. 2929.12(E)(4)).
 {¶ 17} Pursuant to Foster, "The court is merely to `consider' the statutory factors." Foster, at ¶ 41. Thus, "in exercising its discretion, a court is merely required to `consider' the purposes of sentencing in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C. 2929.12." State v. Lloyd, 11th Dist. No. 2006-L-185,2007-Ohio-3013, at ¶ 44.
 {¶ 18} In the case sub judice, the trial court indicated on the record and in its sentencing entry that it had considered the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. The trial court also considered appellant's history of drug abuse and his attorney's request that he be sentenced to NEOCAP for drug treatment. The court was troubled by the fact that appellant took advantage of a helpless elderly victim who had helped him in the past and trusted him. Appellant breached that trust and repeatedly stole from her to support his addiction to crack cocaine. The court noted that appellant had a history of *Page 8 
criminal convictions and had been in prison. While recognizing the current offense had arisen out of his drug addiction, the trial court concluded that appellant had failed to respond to prior opportunities to rehabilitate. The court noted that based on appellant's history, there was a high risk that appellant would commit future crime.
 {¶ 19} Appellant plead guilty to theft, a felony of the fourth degree. He was therefore subject to a prison term of 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, or 18 months. R.C. 2929.14(A)(4). Appellant's sentence of 18 months in prison was thus within the statutory range for the offense of theft. Because the trial court sentenced appellant within the statutory range and considered the statutory purposes and guidelines of felony sentencing, we hold the trial court did not abuse its discretion in sentencing appellant to 18 months in prison.
 {¶ 20} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, P.J., TIMOTHY P. CANNON, J., concur. *Page 1