OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Dione R. Spencer, appeals the judgment entered by the Lake County Court of Common Pleas. Spencer was sentenced to an aggregate prison term of three years for his convictions for trafficking in cocaine.
 {¶ 2} Spencer was indicted on four felony counts, including: two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(1) and third-degree felonies; one *Page 2 
count of tampering with evidence, in violation of R.C. 2921.12(A)(1) and a third-degree felony; and one count of possessing criminal tools, in violation of R.C. 2923.24 and a fifth-degree felony.
 {¶ 3} Spencer pled guilty to lesser-included offenses of the first two counts of the indictment, to wit: trafficking in cocaine, in violation of R.C. 2925.03(A)(1), which are fourth-degree felonies. Upon recommendation of the state, the trial court dismissed the remaining counts of the indictment.
 {¶ 4} The trial court sentenced Spencer to 18-month prison terms for each of his trafficking in cocaine convictions. The trial court ordered these sentences to be served consecutively, resulting in an aggregate prison term of three years.
 {¶ 5} Spencer raises the following assignment of error:
 {¶ 6} "The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment."
 {¶ 7} Spencer claims the trial court erred by failing to adequately consider the factors contained in R.C. 2929.12.
 {¶ 8} Spencer argues that this court should apply a clear and convincing evidence standard of review to the trial court's application of the R.C. 2929.12 factors. Spencer cites State v. Serrano,164 Ohio App.3d 103, 2005-Ohio-5606 and State v. Cantrell, 2d Dist. No. 2005-CA-4, 2006-Ohio-404 in support of his position. However, we note that both of these cases were decided prior to the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 9} After the State v. Foster decision, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the *Page 3 
minimum sentences." State v. Foster, 2006-Ohio-856, at paragraph seven of the syllabus. Thus, this court has held that post-Foster felony sentencing is generally reviewed for abuse of discretion. State v.Payne, 11th Dist. No. 2006-L-272, 2007-Ohio-6740, at ¶ 19. See, also,State v. Limbeck, 11th Dist. No. 2007-T-0068, 2008-Ohio-3255, at ¶ 10. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157. (Citations omitted.)
 {¶ 10} Spencer argues that the clear and convincing standard of review must be applied, since the Ohio Legislature has kept the language of R.C. 2953.08 unchanged, even though the statute has been amended since the Foster decision. However, as the state notes, the Legislature has not changed the language of R.C. 2929.14 or 2929.19, even though those statutes have also been revised since the Foster decision. Accordingly, we do not believe that it was the intent of the Legislature to supersede the Foster decision. We will continue to adhere to the prior holdings from this court that the standard of review for post-Foster felony sentences is abuse of discretion. State v. Payne, 2007-Ohio-6740, at ¶ 19. See, also, State v. Wagner, 11th Dist. No. 2007-P-0001,2007-Ohio-7122, at ¶ 7.
 {¶ 11} R.C. 2929.12 is a "general guidance statute," which was not affected by the Foster decision. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at ¶ 36-42. See, also, State v. Lloyd, 11th Dist. No. 2005-L-146, 2006-Ohio-6534, at ¶ 17-18. R.C. 2929.12 provides a list of factors that the trial court "shall consider" when imposing a felony sentence. *Page 4 
 {¶ 12} Spencer quotes the vast majority of the statutory factors contained in R.C. 2929.12(B) — (E). However, the only specific statutory factor that Spencer contends the trial court failed to adequately consider is that of R.C. 2929.12(E)(5), which provides:
 {¶ 13} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 14} "* * *
 {¶ 15} "(5) The offender shows genuine remorse for the offense."
 {¶ 16} Spencer did apologize for his crimes at the sentencing hearing. However, he also informed the trial court that he was continuously unsuccessful in his efforts to obtain employment following his release from federal prison, where he served a term of seven years and nine months for bank robbery. Essentially, Spencer informed the trial court that he turned to selling drugs for financial reasons, since he could not find and retain legitimate employment.[1] Thus, the trial court could have considered Spencer's apology more of an excuse for selling drugs than genuine remorse for his criminal conduct. In fact, at the sentencing hearing, the trial court specifically stated that Spencer was not genuinely remorseful. Also, the trial court stated, "[t]he worst offense that you can commit is any offense while on parole. That shows the 7 years and 9 months meant nothing to you."
 {¶ 17} The trial court did not abuse its discretion by finding that Spencer was not genuinely remorseful. *Page 5 
 {¶ 18} While this court generally reviews post-Foster felony sentencing decisions for abuse of discretion, there are certain limited circumstances where the clear and convincing standard of review remains viable. For example, the clear and convincing standard of review will be employed where it is alleged the sentence is contrary to law. State v.Payne, 2007-Ohio-6740, at ¶ 20. See, also, e.g., State v. Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941, at ¶ 19. "Thus, where it is to be argued the trial court's conduct was contrary to law, we are to apply a clear and convincing standard of review.'" State v. Limbeck,2008-Ohio-3255, at ¶ 13, quoting State v. Payne, 2007-Ohio-6740, at ¶ 20.
 {¶ 19} In this matter, Spencer essentially argues that the trial court's actions were contrary to law. Specifically, Spencer asserts the trial court "ignored or hastily discounted" some of the R.C. 2929.12(C) and (E) factors. If Spencer's assertion that the trial court did not consider these factors is true, the trial court's actions would be contrary to the clear mandates of the statute. In that circumstance, Spencer's sentence would be contrary to law. See State v.Barringer, 11th Dist. No. 2007-P-0002, 2008-Ohio-729, at ¶ 27. Accordingly, pursuant to R.C. 2953.08(G)(2)(b), we will also employ the "clear and convincing" standard of review for this assignment of error.
 {¶ 20} While the trial court is required to consider the R.C. 2929.12
factors, "the court is not required to `use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12.]'" State v. Webb, 11th Dist. No. 2003-L-078, 2004-Ohio-4198, at ¶ 10, quoting State v. Arnett (2000),88 Ohio St.3d 208, 215.
 {¶ 21} In its judgment entry of sentence, the trial court stated that it had "balanced the seriousness and recidivism factors under R.C. 2929.12." This suggests *Page 6 
the trial court did, in fact, consider the R.C. 2929.12 factors. SeeState v. Kearns, 11th Dist. No. 2007-L-047, 2007-Ohio-7117, at ¶ 10.
 {¶ 22} Spencer does not specify which factors in R.C. 2929.12(C) or (E) the trial court failed to consider. We note that many of the factors in R.C. 2929.12(C) concern circumstances regarding the victim of the offense. In this matter, there was no true victim of Spencer's crimes, since confidential police informants were used to make controlled cocaine purchases from Spencer. This explains why the trial court did not annunciate its findings under R.C. 2929.12(C) on the record. Regarding subsection (E), the record indicates that the trial court considered the R.C. 2929.12(E) factors. The transcript of the sentencing hearing affirmatively demonstrates that the trial court considered the factors contained in R.C. 2929.12(E)(2), (3), and (5).
 {¶ 23} Spencer has not demonstrated that the trial court failed to consider the R.C. 2929.12 factors. Thus, upon a review of the record, we do not clearly and convincingly find that the trial court's sentence was contrary to law. See R.C. 2953.08(G)(2). Moreover, we hold that the trial court did not abuse its discretion in imposing Spencer's sentence.
 {¶ 24} Spencer's assignment of error is without merit.
 {¶ 25} The judgment of the trial court is affirmed.
DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur.
[1] Spencer's assertion that he sold drugs for financial reasons is also reflected in the presentence investigation report. *Page 1