{¶ 18} As noted in my concurrence in State v. Limbeck, 11th Dist. No. 2007-T-0068, 2008-Ohio-3255, at ¶ 28, I believe the standards set forth in the sentencing review statute, R.C. 2953.08(G) remain applicable to most sentencing appeals post-Foster the appellate court should make a de novo review of the record, and determine whether, "clearly and convincingly," that the record fails to support any factual findings still required post-Foster, R.C. 2953.08(G)(2)(a); or, "[t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(b). Many of Ohio's appellate districts continue to *Page 6 
apply these standards. See, e.g., State v. Moore, 12th Dist. No. CA2007-03-060, 2008-Ohio-1477, at ¶ 5; State v. Johnson, 6th Dist. No. OT-07-007, 2007-Ohio-6000, at ¶ 10-11; State v. Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941, at ¶ 15-19; State v. Tish, 8th Dist. No. 8247,2007-Ohio-1836, at ¶ 12; State v. Sheppard, 1st Dist. Nos. C-060042 and C-060066, 2007-Ohio-24, at ¶ 16; State v. Vickroy, 4th Dist. No. 06CA4,2006-Ohio-5461, at ¶ 15; cf. State v. Carter, 11th Dist. No. 2006-P-0056, 2007-Ohio-4953, at ¶ 11-12.
 {¶ 19} That being said, following a full review of the record, I find no clear and convincing evidence the trial court erred in imposing the sentence appealed. Consequently, I concur. *Page 1